

1 | Joseph Johnson, Jr.,

2 | #000580-1

3 | P.O. BOX 5003

4 | Coalinga, CA 93210

5 | Pro Se

6

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

**SI**

10

.11

**(PR)**

12 | JOSEPH JOHNSON, JR.,      Case No.: 1:07-CV-1815-AWT-WMW-PC

13 |       **Plaintiff**      CIVIL RIGHTS COMPLAINT UNDER

14 | Vs.      42 U.S.C.§ 1983

15 | JAMES S. CAHAN, Deputy      JURY TRIAL DEMANED

16 | District Attorney of

17 | Santa Clara County; and

18 | Dr. DALE R. ARNOLD, Ph.D,

19 | Psychiatrist;DEPARTMENT OF

20 | MENTAL HEALTH;and ATASCADERO

21 | STATE HOSPITAL/JANE and JOHN

22 | DOES.

23 |       **Defendant**     /

24 | **COMPLAINT**

25 |     Plaintiff Joseph Johnson, Jr., a civil involuntary

26 | committee at Coalinga State Hospital, in Fresno County, herein

27 | alleges upon information, knowledge, experience, and belief:

28

-1-

1      1. Plaintiff files this complaint pursuant to Civil Rights
2   Act 1981, i.e.,28 U.S.C.A.§§1331,1343,42 U.S.C. § 1983., against
3   the herein named Defendants for entering into a conspiracy and
4   or individually to purposely, egregiously and flagrantly
5   depriving Plaintiff of rights, privileges,liberity, privacy, or
6   immunities secured and protected by the constitution and laws of
7   the United States.

8      a.   Defendants' domiciled within the State of California
9   and are or were employed by the State of California at all times
10   relevant to this suit.

11      b.   Defendants' policies, standards, and practices affect
12   institutions and this Plaintiff in the State of California.

13      c.   Defendants' establish(ed) and enforce(d) policies,
14   standards, practices and customs with the knowledge that such
15   conduct has caused and will continue to cause injury in the
16   State of California.

17                  **JURISDICTION AND VENUE:**

18      2.   This Court has jurisdiction over this action under 28
19   U.S.C. §§1331,1343 and 1345, and venue in the Eastern District
20   of California to proper pursuant to 28 U.S.C. § 1391.

21                       **DEFENDANTS:**

22      3. Defendant James S. Cahan is a Deputy District Attorney
23   of Santa Clara County District Attorney's Office,County
24   Government Center,West Wing,70 West Hedding Street,San Jose,
25   California 95110,and in that capacity has responsibility and
26   over seeing the processing/prosecution of committing sexual
27   violent predator's(SVP)pursuant to the Welfare and Institutions
28   Code §6600 et seq,at the Santa Clara County Jail facility,

-2-

1   establish(ed) and enforce(d) the policies, standards, practices
2   and customs that determine how **Protected Health Information** is
3   revealed to those seeking **"Discovery," of** information calculated
4   to be revealed to actors and agents of the State, identified
5   here as a **"Judical Process."**

6   4. Defendant Dr. Dale R. Arnold Ph.D. is a Psychiatrist at
7   the State of California's Department of Mental Health,
8   Business/Personal address: 1600 9th Street, Sacramento, CA 95814/
9   P.O.Box 182, Pismo Beach, CA 93448. Was independently contracted
10  by the Office of the Santa Clara County District Attorney, and
11  as such, was handed over **"DISCOVERY,"** information by Deputy
12  District Attorney Defendant Cahan, calculated to provide
13  Defendant Cahan with **"Assorted,"** facts with which to sketch a
14  picture unreasonably calculated to convince a jury that
15  Plaintiff suffers from a **"Mental Disorder."**

16  5. Defendants California Department of Mental Health/
17  Atascadero State Hospital et seq/John and Jane Does.

18  6. The individual Defendants named in paragraphs 3 through
19  5 are or were employees of the State of California, Santa Clara
20  County, are or were clothed with the authority of the state law
21  and act(ed) under color of state law, that is, under color of
22  the constitution, statutes, laws, rules, regulations, and
23  customs of the State of California at all times relevant to this
24  suit. Defendants' policies, standards, practices, and customs
25  have created conditions that infringe on the rights of
26  Plaintiff. Furthermore, Defendants' personally knew of these
27  conditions, and Defendants' disregard of such caused and
28  continues to cause injuries to Plaintiff as described herein.

-3-

1  Finally, Defendants' pattern and practice of applying these
2  conditions and violations to Plaintiff was applied, and continue
3  to be applied, with reckless and callous disregard of the rights
4  of Plaintiff. To the extent that each Defendant infringed and
5  infringes upon the rights of Plaintiff as established by the
6  conditional, statutory

7  and regulatory standards described below, the Defendants' acted
8  in their official and or individual capacities, and are/were
9  officers of the State of California and are being sued in their
10 Official and or Individual capacities.

11  **PLAINTIFF AND THE STATE STATUTORY LAW:**

12      7. Plaintiff to this cause, Joseph Johnson, Jr., brings
13  this action on behalf of himself for contravention of Privacy
14  Rights, as well as, the Right to a **"Defined,"** due process.

15      8.  The State of California has established the California
16  Civil Discovery Act of 1986, California Code of Civil Procedure
17  **§§2016-2036**; and defined within its body of laws the right of
18  every **"Citizen"** to receive **"NOTICE"** when a matter having come to
19  bar, or for other purposes, has initiated.

20      9.  The State of California having established its Civil
21  Discovery Act and defined within its body of laws the right of
22  every person made subject to a process at bar, or for other
23  purposes, has embedded within the statute the right of every
24  **"Citizen," "TO OBJECT,"** to that action before a court of
25  competent jurisdiction, prior to the release of **"Any**
26  **Information,"** tendered to be release to state actors or agents.

27      10. The State of California having established its Civil
28  Discovery Act, and defined within its body of laws, the right of

-4-

1  every person made subject to process at bar, or for other
2  purposes, has embedded within the statute the right of every
3  **"Citizen"** to seek a **"PROTECTIVE COURTS ORDER,"** to control the
4  amount and type of **"Discovery,"** entertained to be released to
5  any party.

6      11.   The United States of America has established and
7  defined within its Constitution and laws, a body of work which
8  guarantees every **"CITIZEN,"** of the United States the **"Right"** to
9  be given:

10      i.   **"NOTICE,"** and

11      ii.   **"OPPORTUNITY TO OBJECT,"** and

12      iii. **"OPPORTUNITY TO SEEK A PROTECTIVE COURTS ORDER."**

13      12. The California Code of Civil Procedure **C.C.P.: §§2017.**
14  **020(a),2017.730, 2032.310(a)-(c); §§2032.320(a)-(e); §§2032.510**
15  **(a)-(f);** and **§2032.530,** all entertain and define the process for
16  the **"DISCOVERY,"** of information relevant to the pertinent data,
17  which must be consistent with the purpose for that Discovery.

18      13. The California Penal Code **§1543** implements a procedure
19  and further protects that material to within specified
20  parameters, all while maintaining the procedural safeguards of
21  the law. Consistent with the purpose for the California Civil
22  Discovery Act of 1986.

23      14. California's State Government Code **§6254(c)** also
24  places an affirmative responsibility on the ability of covered
25  entities, to release information to state actors, while
26  maintaining protection on Protection Health Care Information.
27  Consistent with the purpose for the Civil Discovery Act of 1986.

28      15. California's State Constitution at **Article 1, §1,**

1   confers upon its citizens, a right to privacy, while **Article 1,**
2   **§7,** confers the right to due process, under any and all
3   circumstances, relevant to an action at bar or for other
4   purposes.

5       16. Pursuant to the California Evidence Code, i.e. **§1012**
6   and **§1014,** another layer of protections are afforded its
7   citizens, which finds consistency with the basis and purpose of
8   the California Civil Discovery Act of 1986.

9       **U.S. CONSTITUTION, & FEDERAL STATUTORY & REGULATORY LAW:**

10      17.  The United States Constitution Fourth Amendment,
11  Guarantees its citizens a right to privacy, and concerning
12  medical records, **Title 42 U.S.C.A. §1320d-2** and implemented
13  safeguards and protections for its citizens, which have been
14  codified under the Code of Federal Regulations **(CFR),** i.e. **45**
15  **CFR Parts 160 and 164.** Under current definition it provides that
16  covered entities must seek assurance from those seeking
17  Protection Health Information, i.e. **45 CFR §164.512(e)(1)(ii)(A)**
18  that the subject of Protected Health Information has been given
19  **"NOTICE,"** or that under **§164.512(e)(1)(ii)(B)** the party seeking
20  Protected Health Information has sought a **"QUALIFIED PROTECTED**
21  **ORDER."** Under the least stringent procedures of the regulatory
22  Law, the covered entity itself, must provide that **"NOTICE,"** or
23  itself seek a **"QUALIFIED PROTECTED ORDER,"** which will protect
24  the individual subject of the requested Protected Health
25  Information. **45 CFR §164.512(e)(1)(vi).**

26      18.  The Constitution of the United States Fourteenth
27  Amendment guarantees to its citizens the right to due process
28  and herein, that process is identified, and hereby do the State

-6-

1  Court, its actors, and agents, and other State Departments come
2  under the domain of the **"PROCESS."**

3  **ALLEGATIONS COMMON TO ALL COUNTS/CAUSES OF ACTION:**

4  19.  Plaintiff is not a criminal, does not stand accused of
5  crime, and is not a penal commitment, or awaiting a punitive
6  process whereby a penal commitment is sought. Instead, Plaintiff
7  is held under the status of **"In Custody,"** having fully completed
8  a penal sentence after being convicted of crimes as described in
9  the Welfare and Institutions Code for the State of California.

10  **RIGHT TO PRIVACY:**

11  20.  While the Constitution and laws of the United States
12  of America and of California have guaranteed a certain level of
13  Privacy which inviolable, certain laws have entertained that in
14  certain situations, **"Private Health Care Information,"** may be
15  revealed.   However, in those situations where the information
16  **"May,"** be revealed, procedural safeguards will and does protect
17  the individual subject, of the Health Information.

18  21.  Entry into the California Department of Mental Health
19  immediately invokes it policy statement, **"[DMH-LTCS (Form 0001)**
20  **4/14/03 GA 468.1 HIMD new 4/13], "NOTICE OF PRIVACY PRACTICES,"**
21  Which serves only to inform the person of the protections
22  afforded under the Health Insurance Portability Accountability
23  Act **(HIPAA), 45 CFR Parts 160 and 164.**   Whereby the California
24  Legislature has codified the same under Health & Safety Code
25  **§130330,** having established a list of laws under **§130311.5(a)**
26  **(1),** the Office of HIPAA implementation, **(OHI)** [California],
27  (established by the office of the Governor,) **§130302(c);** did
28  establish that list of laws which are **"Preempted,"** by HIPAA; and

-7-

1   Under §130311.5(b) OHI has also established a list of laws that
2   Preempted, but are otherwise in full force and effect.

3       22.   The California Legislature has brought the State of
4   California in to compliance with HIPAA under the **"Administrative
5   Simplification Compliance Act, Public Law 107-105 [H.R.3323];
6   December 27,2001;"** of the Federal Government, thereby
7   acknowledging California's responsibility to its State Citizens,
8   who also hold federal citizenship status, as United States
9   Citizens.

10      23.   In practice Defendants' have contravened the rights of
11  Plaintiff by allowing agents/entities of the State to openly
12  seek Discovery of information absent the procedural safeguards
13  as entertained by State Law and protected pursuant the United
14  States constitution.

15      24.   In contrast to state law previously discussed,
16  Defendants' have implemented a policy that permits agents/
17  entities of the state to seek Discovery, openly, frequently, and
18  with abandon in regard to Plaintiff, releasing the Protected
19  Health Information that is sought by the District Attorneys
20  office of Santa Clara County, under the guise of sending/giving
21  Defendant Arnold, who, under the guise of an independent **"States
22  Evaluator,"** seek Discovery, while the Defendants' district
23  attorney and  Dr. Arnold invoke the authority, of a "Covered
24  Entity," to gain illegal access, to that which otherwise is
25  restricted, and only released pursuant stringent guidelines.

26      25.   Defendants' policies, standards, practices and customs
27  subject Plaintiff to a **"Second Class Citizen,"** status which are

28

-8-

1  punitive in scope and nature, and jeopardizes the rights of
2  Plaintiff with reckless abandon.

3  26.   Defendants' policies, standards, practices and customs
4  favor the wanton, malicious, and capricious activities designed
5  to arbitrarily abandon the law, which further contravenes the
6  principle tenets of the right to Notice, and having the
7  Opportunity to Object, and or to seek a Protective Court Order,
8  which are the basic of the statutory law.

9              **THE CALIFORNIA CIVIL DISCOVERY ACT OF 1986:**

10  27.   Plaintiff brings this suit alleging a breach of his
11  right to privacy, which becomes invoked on two levels:

12        [1]. Procedural matters associated with the statutory
13  protection afforded in State law; and

14        [2]. Federal Regulatory Entitlements which provide a
15  layer of protections, which, while release of information in the
16  end is inevitable, that release is controlled by several
17  factors.

18  28.   California's **CCP §2016 et.seq.**,is the Civil Discovery
19  Act, and includes **"Special Proceedings,"** of a **"Civil Nature,"**
20  Which all commitment proceedings under the state Welfare and
21  Institutions Code **§6600** are labeled as, i.e. a **"Special**
22  **Proceeding of a Civil Nature."**

23  29.   Under **CCP. §2032.310(a)** discovery is had only after
24  the party has obtained leave of the court, which is a mandatory
25  proscription and main feature of the law.

26  30.   While under subsection (b), the time, place, manner,
27  conditions, scope, and nature of an examination; as well as the
28

-9-

1 identity and the specialty, if any, of the person or persons who
2 will perform the examination; must be made known to the court.
3 And subsection (c), requires notice of motion to be served, not
4 just on the attorney's and the court, but on the person to be
5 examined.

6  31. Even under a grant to examine Plaintiff or view any
7 documentation, that process is controlled pursuant to
8 **CCP §§2017.020(a),2017.730,2032.320(a),2025.240(b)(2),2030.010**
9 and **§2031.030**; all of which comes under the domain of **§2032.510**
10 **(a)** and **§2032.530**.

11  32. In contrast to **CCP. §2032.510(a)**where it is implied
12 that an interview will take place, and that reports will be
13 generated ,and **§2032.020** where again it is implied that doctors
14 reports will make accessible to third parties, **California's**
15 **Evidence Code (EVC)**, extends the protections afforded privacy
16 under **(EVC) §1012** which entertains that the level of privacy is
17 held to a higher standard, concerning communications between a
18 patient and doctor, which indicates that just cause to the
19 higher standard be measured against the procedural protections
20 afforded under the states procedural law. And here where
21 Plaintiff has not waived non disclosure, the procedures put in
22 place by state, and the state, and the federal regulatory
23 enactment, are the only measures by which actors and agents must
24 abide. **Title 42 U.S.C.A. §1320d-2** and **45 CFR Parts 160 and 164**.

25  33. To further the protections afforded Plaintiff
26 **California Penal Code, (PC); §1543(a)(1)**,provides that the
27 patient would have to give prior consent for other parties to
28 view Protected Health Information. And barring that consent, **PC**

1   **§1543(a)(2)** provides that a court order is necessary, in order
2   to achieve the status sought by the requesting party.

3                       **PROCEDRAL DUE PROCESS:**

4       34.   The right to a hearing is key and essential part of
5   the Fourteenth Amendment Right, and the State of California, has
6   created that right, through enactment of its Civil Discovery Act
7   of 1986, and through creation of the Penal Statute, and the
8   State Government Code, thereby, causing the deprivation abuse of
9   Governmental power is evident.

10      35.   The State created right is found dated in the Civil
11  Discovery Act, and other Civil Procedures, such as the act of
12  seeking a subpoena duces tecum, which here includes the States
13  Evidence Code, Penal Code and States Government Code. All of
14  which places the procedural foundation of safeguards and
15  protections in stark contrast, to the allowable acts by
16  Defendants' which permits State actors and agents to gain access
17  to discovery absent the protections guaranteed under State
18  process.

19      36.   Defendant Cahan routinely allow Defendant Dr. Arnold
20  via independently **"Contracted"** him to gain access to
21  information, that by rule, must undergo a testing stage prior to
22  release, and that testing stage is the **"California Civil**
23  **Discovery Act of 1986."**

24      37.   These and other contraventions of law are and were
25  unreasonable and improperly applied to Plaintiff.

26                       **FACTUAL ALLEGATIONS**

27      38.   At all times, Defendants have acted or failed to act,

28

                                  -11-

1  alleged herein, under color of the United States Constitution
2  and the State of California law. Because the District Attorney
3  violated California, Article I section 1 as well as Code Federal
4  Regulation which codifies the requirements of HIPAA. Because
5  disclosure of protected records is specifically authorized
6  during updates, disclosure of confidential health records at any
7  other time is not permitted under Welfare and Institutions Code
8  Section 6603(c). The District Attorney failed to follow the
9  requirements of the Code of Civil Procedure Sections 2029.030
10 and 2032.310.

11 **STATEMENT OF THE CASE:**

12    39.  Plaintiff Joseph Johnson, Jr., was originally
13 committed as a sexually violent predator pursuant to the
14 statutory requirements of Welfare and Institutions Code Section
15 6600 et seq, on May 25,2000 following, a jury trial. On April
16 25,2002, the District Attorney's Office filed a petition to re-
17 commit Mr.Johnson. This petition covered the time period from
18 May 2002 to May 2004. Plaintiff was committed on this petition
19 on September 2, 2005.

20    40.  On March 3, 2004, prior to Plaintiff's first re-
21 commitment, the District Attorney filed a second re-commitment
22 petition to cover the time period from May 2004 to May 2006. The
23 second petition is support by reports written by Dr. Korpi and
24 Dr.Jeko. This petition was pending and set for trial on January
25 24, 2007.

26    41.  At the probable cause hearing, which was held on
27 January 5th and 6th 2006, both state appointed doctors testified

28

-12-

1  that Plaintiff suffered from a mental disorder and was likely to
2  re-offend.

3      42.  Subsequent to the probable cause hearing, in February
4  2006, both Dr.Korpi and Dr. Jeko along with a third state
5  appointed doctor, Dr.Coles filed supplemental reports declaring
6  that Plaintiff was no longer a sexually violent predator as he
7  no longer was likely to re-offend.

8      43.  Because of the above developments, and contrary to the
9  proscribed(SVP Act)statutory mandates set out in Welfare and
10 Institution Code section 6603, the Defendant Deputy District
11 Attorney of Santa Clara County James S.Cahan hired Dr.Dale
12 Arnold to review all of Plaintiff's records including his
13 personal medical records, and gave his opinion as to whether or
14 not Plaintiff was still a risk. When Plaintiff found out about
15 Dr. Arnold in late August,2006, a letter was sent to the
16 Department of Mental Health, the District Attorney's Office and
17 Atascadero State Hospital objecting to Dr. Arnold gaining/having
18 access to Plaintiff or his records. (Exhibit A)Dr. Arnold
19 declared in his report dated December 11,2006, that Plaintiff
20 was still a risk.

21     44.  On May 8, 2006, a letter from Dr. David K. Fennell the
22 Medical Director at Atascadero State Hospital, who reviewed the
23 evaluators reports and found no substantial medical issues with
24 which he disagreed(Exhibit B).

25     45.  An additional letter dated May 16,2006 from Stephen W.
26 Mayberg, the Director of the California State Department of
27 Mental Health(Exhibit C), who is Dr. Arnold's boss, reviewed and
28 cited the evaluation finding of Dr.Fennel's letter, and did not

-13-

1  object to the evaluation process or the professional conclusion
2  of the evaluators reports that Mr.Johnson/Plaintiff no longer
3  meets the Welfare and Institutions Code §6600 criteria.

4  46.  On October 5,2006, the Deputy District Attorney James
5  S. Cahan filed a writ seeking Plaintiff's confidential medical
6  history from Atascadero State Hospital for the period beginning
7  on February 2,2006 through and including October 27, 2006.
8  (Exhibit D), no mention of Dr. Arnold was made in the motion to
9  release or in the district attorney's declaration.

10  47.  On November 30, 2006 and on December 7,2006, Plaintiff
11  served his expert witness list on the district attorney
12  Defendant Cahan. (Exhibit E.)

13  48.  A short time later, the deputy district attorney
14  Defendant Cahan served their Expert Witness Declaration on
15  Plaintiff. (Exhibit F).

16  **STATEMENT OF LAW AND ARGUMENT:**

17

18  **A.   THE REVIEW OF PLAINTIFF'S CONFIDENTIAL MEDICAL RECORDS**
19  **BY DR. ARNOLD VIOLATED THE CALIFORNIA CONSTITUTION.**

20  49.  Added November 5, 1974, Article I, Section 1 of the
21  California Constitution provides in pertinent part that all
22  people are by nature free and independent and have inalienable
23  rights, among which is pursuing and obtaining privacy.
24  *Davis v. Superior Court of Kern County(Williams)* (1992) 7 Cal.App
25  4th 1008, 1013. "Health information" means "any information,
26  whether oral or recorded in any form or medium,[which may
27  include electronic] that is created or received by health care

28

-14-

1   provider[s]…and relates to the past, present, or future physical
2   or mental health or condition of an individual,[or]the provision
3   Of health care to an individual."*Bayne v. Provost, Meehan et al*.
4   (2005) 359 F.Supp.2d 234.236 citing 42 U.S.C. Section 1320d(4).
5   "A person's medical profile is an area of privacy infinitely
6   more intimate, more personal in quality and nature than many
7   areas already judicially recognized and protected. *Heda v.*
8   *Superior Court of Alameda County (Davis)*225 Cal.App.3d 525,529
9   citinq *Board of Medical Quality Assurance v. Gherardini, supra*,
10  93 Cal.App.3d at p.678…."   Health information, even medical
11  records of an involuntarily committed person, is protected under
12  The California Constitution.   Clearly, information reviewed by
13  Evaluators within Plaintiff's Atascadero State Hospital files is
14  confidential. Similarly, all medical records within Plaintiff's
15  prison records are also protected health information. As Dr.
16  Arnold listed this information at the beginning of his report
17  and relied upon it in the analysis, he reviewed this private
18  information.

19  **B.   BEFORE DR.ARNOLD REVIEWED PLAINTIFF'S PRIVATE RECORDS,**
20  **THE DISTRICT ATTORNEY WAS REQUIRED TO ENSURE THAT**
21  **PLAINTIFF WAS GIVEN NOTICE,AN OPPORTUNITY TO OBJECT,**
22  **AND AN OPPORTUNITY TO SEEK A PROTECTIVE ORDER TO**
23  **NARROW THE REVIEW OF THE RECORDS**.

24  50.   According to *People v. Cheeks*, (2001) 94 Cal.App.4[th]
25  980, the Civil Discovery Act of 1986 applies to SVPA
26  proceedings. Under *Cheeks*,the scope of discovery in an SVP case
27  is limited to the two narrow issues presented at trial:
28  (1)whether the person sought to be committed "has been convicted

1 of a sexually violent offense against two or more victims"
2 (Welfare and Institutions Code, Section 6600 (a)(1):and (2),
3 whether the person "has a diagnosed mental disorder that makes
4 the person a danger to the health and safety of others in that
5 it is likely that he or she will engage in sexually violent
6 criminal behavior." (Welfare and Institutions Code §6600(a)(1).)
7 If any information were to be revealed to evaluators or the
8 prosecution, the records disclosed must relate to one of these
9 keys issues. To protect the patient, the disclosure of medical
10 records must be done only after determining which documents are
11 essential to the issue presented by the SVPA. In other words,
12 evaluators must not have full access to the patient's file.
13 Access should be limited to addressing the two issues identified
14 in **Cheeks**. "The scope of any disclosure must be narrowly
15 circumscribed, drawn with narrow specificity, and must proceed
16 by the least intrusive manner." **(Davis v. Superior Court of Kern**
17 **County (Williams)** (1992)7 Cal.App. 4th 1008,1014.) "Mere
18 speculation as to the possibility that some portion of medical
19 records might be relevant to some substantive issue does not
20 suffice to make those records discoverable." **Id** at 1017. "Even
21 where the balance, because of a "compelling state purpose,"
22 weighs in favor of discovery of private information, the scope
23 of such disclosure will be narrowly circumscribed; such an
24 invasion of the right of privacy must be drawn with narrow
25 specificity'." **(Binder v. Superior Court of Kern County (Neufeid)**
26 (1987)196 Cal.App.3d 893,900. In Plaintiff's case, there is
27 evidence Dr.Arnold reviewed his ENTIRE Atascadero file and his
28 medical records from prison. There was no effort by the party to

-16-

1   narrow the review of the records. Even if the review had been
2   narrow, this would not solve the problem.   The absence of
3   notice provision within the SVPA does not suggest that Plaintiff
4   need not be notified prior to the disclosure of his
5   confidential, health information.

6       51.  In *Sehlmeyer v. Department of General Services* (1993)
7   17 Cal.App.4th 1072,1077, the Second Appellate District Division
8   One, found that the legislative failed to include notice
9   provisions in state statutes pertaining to administrative
10  subpoena duces tecum did not diminish respondent patient's
11  privacy rights created by state constitutional law. "Striking a
12  Balance between these competing considerations, we conclude that
13  before confidential third party personal records may be
14  disclosed in the course of an administrative proceeding, the
15  subpoenaing party must take reasonable steps to notify the third
16  party of the pendency and nature of the proceedings and to
17  afford the third party a fair opportunity to assert his/her
18   interests by objecting  to disclosure, by seeking an
19  appropriate protective order from the administrative tribunal,
20  or by instituting other legal proceedings to limit the scope or
21  nature of the matter sought to be discovered." *Sehlmeyer v.*
22  *Department of General Services*(1993)17 Cal.App.4th 1072,1080-
23  1081.)(Emphasis added.)  Plaintiff had no notice that Dr.Arnold
24  had asked to review his files. In other words, Plaintiff was
25  told of the disclosure after it had already occurred. Plaintiff
26  was denied notice, a fair opportunity to object to the
27  disclosure, and an opportunity to request a protective order to
28  narrow the review of the records.

-17-

C.  **BECAUSE DISCLOSURE OF PROTECTIVE RECORDS IS/ARE**
    **SPECIFICALLY AUTHORIZED DURING UPDATES,**
    **DISCLOSURE AT ANY OTHER TIME IS NOT PERMITTED**
    **UNDER WELFARE AND INSTITUTIONS CODE SECTION 6603(c):**

52.  Welfare and Institutions Code Section 6603(c) provides that updated or replacement mental health evaluations of an alleged sexually violent predator shall include review of available medical and psychological records, including treatment records, consultation with current treating clinicians, and interviews of the person being evaluated. By this language, the current provision clarifies within the Sexually Violent Predator Act, Cal. Welf & Inst. Code §6600 et seq., an exception to Cal. Welf.& Inst. Code §5328's general rule of confidentiality of treatment records, and allows the district attorney access to treatment record information, insofar as that information is contained in an updated evaluation. **Albertson v. Superior Court Of Ventura County** (2001) 25 Cal.4th 796.805.)  The addition of this section to the Welfare and Institutions Code after the SVPA had already been in affect, indicates that unless an evaluator is completing an update of an original evaluation, review of medical records can only be accomplished if the procedures defined in Code of Federal Regulations and **Sehlmeyer** are followed. However, in Plaintiff's case, Dr. Arnold initially reviewed Plaintiff's records not during one of the proscribed update provisions but rather as a "hired gun" for the district attorney.  They obtained these records without first determining if the Department of Mental Health, Atascadero State Hospital, or themselves gave Plaintiff notice, an opportunity to object, and

-18-

1 || an opportunity to seek a protective order.

2 ||     53.   DMH/ASH has no authority to initiate an "update." In
3 || *Albertson,* Plaintiff asserts that under Welfare and Institutions
4 || Code §6603(c), "the Director[of the Department of Mental Health]
5 || mush…decide if an updated evaluation is necessary." The current
6 || provision, however, contemplates that the "attorney petitioning
7 || for commitment" will determine whether updated or replacement
8 || evaluations are necessary, and it defines the circumstances in
9 || which such evaluations shall be performed. The provision does
10 || not vest the Directors of the Department of Mental Health or ASH
11 || with the responsibility or authority to determine whether such
12 || updated evaluations are necessary. *(Albertson v. Superior Court*
13 || *of Ventura County*(2001)25 Cal.4th 796,805, fn.7). ASH/DMH had no
14 || statutory authority to permit the review of these confidential
15 || records.  Whether the illegality initiated from DMH, Atascadero
16 || State Hospital or the evaluators, the disclosure of the
17 || confidential records was impermissible. As agents of the State,
18 || the illegality of the release of the records can be imputed to
19 || the evaluators. Just as an attorney would be in violation of
20 || privacy rights if the attorney unsealed subpoenaed records
21 || mistakenly sent to him, the evaluators are not immune from
22 || sanctions simply because they reviewed but did not disclosed the
23 || records.  There is adequate remedy under the circumstances. Dr.
24 || Arnold must not only preclude from testifying about the
25 || information he reviewed illegally, but relief damages must be
26 || rendered as well.

27

28

**D. THE DISTRICT ATTORNEY FAILED TO FOLLOW THE REQUIREMENTS OF THE CODE OF CIVIL PROCEDURE CODE AND OBTAIN LEAVE OF THE COURT BEFORE ALLOWING DR.ARNOLD TO DO A CURRENT MENTAL EXAMINATION OF PLAINTIFF PURSUANT TO C.C.P. SECTION 2019.030 AND 2032.310. THIS FAILURE VIOLATED THE CALIFORNIA CONSTITUTION,ARTICLE I,SECTION 1 AS WELL AS THE CODE OF FEDERAL REGULATIONS WHICH CODIFY THE REQUIREMENTS OF HIPPA:**

54. Information was illegally obtained in violation of Plaintiff's right to privacy under California Constitution, Article I, Section 1 as well as the Code of Regulations which are of Federal Regulations which are codified in HIPAA. This information formed the basis for Dr. Arnold's opinion supporting the petition. Because he relied on information which be obtained without following the required procedures, he should be precluded from testifying using this confidential information.

55. The District Attorney did not follow proper discovery rules when they/he retained Dr. Arnold to review Plaintiff's mental health records. Three state-appointed doctors reviewed Plaintiff's medical records, and all came to the same conclusion that he no longer poses a substantial risk to re-offend. Not happy with these opinions however, the District Attorney,without any authority under the law, went out and hired Dr. Arnold to review Plaintiff's records and present an opinion.

56. There is on provision in the Welfare and Institutions Code providing for this remedy. As stated earlier in this Complaint, the State Constitution protects Plaintiff's medical records. Although there is an exception of the HIPAA requirement

-20-

1  for state appointed doctor's to review Plaintiff's records,
2  there is on exception for Dr. Arnold. Either the District
3  Attorney had to comply with HIPAA or he/she had to get a court
4  order pursuant to California Civil Code section 2023.310.

5       57.  Under C.C.P. section 2019.030 there are court-imposed
6  restrictions to such discovery:

7       (a) The court shall restrict the frequency or extent use of
8  a discovery method provided in section 2019.010 it determines
9  either of the following:

10  The discovery sought is unreasonably cumulative or duplicative,
11  or is obtainable from some other source that is more convenient,
12  less burdensome, or less expensive.

13      58.  Here, the state has appointed three doctors to do the
14  evaluation. Dr. Arnold is both unreasonably cumulative and
15  expensive. In addition, had the District Attorney sought leave
16  of the court by bring a proper motion, Plaintiff would have been
17  able to litigate the issue and seek a protective order as
18  outlined in C.C.P. 2019.030(b) which states:
19  The court may make these determinations pursuant to a motion for
20  protective order by a party or other affected person….

21      C.C.P. section 2032.310 states in part:

22      (a) If any party desires to obtain discovery…by a mental
23  examination, the party shall obtain leave of the court.

24      (b)… The motion shall be accompanied by a meet and confer
25  declaration under Section 2016.040.

26      (c)  Notice of the motion shall be served on the person to
27  be examined and all the parties who have appeared in the action.

28      59. This was simply not done. It may be that Plaintiff's

-21-

1  Actual body was not examined but under the state constitution a
2  person's mental health records have the same privacy rights as a
3  person's physical body.   Clearly Dr. Arnold was conducting a
4  current mental health examination of Plaintiff and rendering a
5  current opinion as to his mental state.   Here he relied on
6  Plaintiff's prior mental health records. This was improper. The
7  District Attorney had two options, comply with HIPAA or obtain a
8  court order via proper motion.

9  **CONCLUSION:**

10  60.   Defendants ASH/DMH did not have the authority to allow
11  any access into Plaintiff's entire medical records, along with
12  Dr. Dale Arnold's evaluation was prepared in violation of
13  Plaintiff's privacy rights. Allowing Defendant Cahan the Deputy
14  District Attorney of Santa Clara County to proceed on the
15  petition would violate Plaintiff's rights to due process and
16  equal protection under the State and Federal Constitutions. For
17  these reasons, Plaintiff hereby requests that this Court order
18  the lower court to strike and not allow any testimony from the
19  District Attorney's retained expert Dr. Dale R. Arnold, PhD. In
20  the pending trial in this case and relief of all other damages.

21  **FIRST ALLEGED CLAIM:**

22  **(Violation of First, and Fourteenth Amendments of the**
23  **United States Constitution)**

24  Plaintiff incorporates herein all Paragraphs particularly 1
25  through 60 of this Complaint.

26  Defendants policies, standards, practices and customs
27  permit and encourage the violation of Plaintiff's rights to

28

-22-

1  appropriate relief under challenge, and fails to abide by the
2  standards as established by California law.

3      Defendants' policies, standards, practices and customs,
4  interferes with Plaintiff's right to have access to the court,
5  petition the government and to be informed of the nature of the
6  information entertained to be used against Plaintiff in a
7  **Judicial Proceeding.**

8      Defendants' have personal knowledge of retaliation against
9  Plaintiff for seeking to invoke his constitutional protections,
10 But Defendants' policies, standards, practices and customs
11 permit and encourage retaliation.

12     The aforementioned denied Plaintiff the right and
13 protections provided by the First Amendment of the Constitution
14 of the United States of America, and Article 1, Section 7, of
15 the Constitution of the State of California.

16                      **SECOND ALLEGED CLAIM:**

17     **(Violations of the Fourth and Fourteenth Amendments of the**
18        **United States Constitution and Article 1, Section 1,of**
19                    **The California Constitution)**

20     Plaintiff incorporates herein all Paragraphs, particularly
21 1 through 60 of this Complaint.

22     Defendants' policies, standards, practices and customs
23 subjected Plaintiff to violations of the right to be secured in
24 the belief that actors and agents of the State, would not have
25 unrestrained access to private medical records, absent the
26 procedure of law, in place to protect citizens. These policies,
27 standards, practices and customs subjected Plaintiff to the

28

-23-

1  unreasonable violation of procedural due process, and forces
2  upon Plaintiff the status of a **"Second Class Citizen"**,
3  The aforementioned denies Plaintiff the rights and protections
4  provided by the Fourth Amendment of the Constitution of the
5  United States of America and Article 1, Section 1, of the
6  Constitution of California.

7  ### THIRD ALLEGED CLAIM:

8  **(Violations of Fourth and Fourteenth Amendments of the United**
9  **States Constitution and Title 42 U.S.C.A. §1320-2)**

10  Plaintiff incorporates herein all Paragraphs, particularly
11  1 through 60 of this Complaint.

12  Defendants' policies, standards, practices and customs, as
13  applied, do not grant to Plaintiff the right to invoke the
14  protections as entertained by federal statutory law, but instead
15  Relegates Plaintiff to the ranks of a **"Second Class Citizen,"** in
16  contravention of **Title 42 U.S.C.A. §1320d-2(a)(2)(A)**.

17  The aforementioned denies Plaintiff the right and
18  protection of the Fourth Amendment of the Constitution of the
19  United States of America and **Title 42 U.S.C.A. §1320d-2(d)(2)(A)**
20  **§1320d-2(d)(2)(B),§1320d-2(d)(2)(B)(i),§1320d-2(d)(2)(B)(ii)**.

21  ### FOURTH ALLEGED CLAIM:

22  **(Violations of the Privacy Clause of the Fourth and Fourteenth**
23  **Amendment of the United States Constitution and 45 CFR Parts**
24  **160 and 164)**

25  Plaintiff incorporates herein all Paragraphs, particularly
26  1 through 60 of this Complaint.

27  As described in the THIRD ALLEGED CLAIM, incorporated
28  herein, Defendants' policies, standards, practices and customs,

1  as applied, subjected Plaintiff to denial of the entitlement
2  conferred pursuant **45 CFR §164.512(e)(vi)** and thereby relegates
3  Plaintiff to the ranks of a **"Second Class Citizen."**

4  The aforementioned denies Plaintiff the rights and
5  protections of the Fourth Amendment of the Constitution of the
6  United States of America and **45 CfR 160 and 164,** and Article 1,
7  Section 7, of the Constitution of the State of California.

8  ### FIFTH ALLEGED CLAIM:

9  **(Violations of Procedural Due Process Under the Fourteenth**
10  **Amendment of the United States Constitution)**

11  Plaintiff incorporates herein all Paragraphs, particularly
12  1 through 60 of this Complaint.

13  Defendants' policies, standards, practices and customs
14  deprived Plaintiff of procedural due process under the
15  Fourteenth Amendment. The State of California having established
16  its Civil Discovery Act, did not intend to exclude any class of
17  persons from the protections afforded therein. The policies and
18  practices established by the Defendants' has deprived, and
19  continues to deprived Plaintiff of his liberty with the intent
20  to confine Plaintiff for life.

21  The aforementioned denies Plaintiff the rights and
22  protections provided by the Fourteenth Amendment of the
23  Constitution of the United States of America, and Article 1,
24  Section 7, of the Constitution of the State of California.

25  ### SIXTH ALLEGED CLAIM:

26  Plaintiff incorporates herein all Paragraphs, particularly
27  1 through 60 of this Complaint.

28

-25-

1   Defendants' policies, standards, practices and customs do
2   not permit the level of privacy still remaining to Plaintiff, to
3   be invoked on any level. Defendants' refuse to invoke the
4   privilege of State law, and refuse to abide by the requirement
5   of federal regulatory law.                                        ᵕ

6       The aforementioned denies Plaintiff the rights and
7   protections provided by the Fourteenth Amendment of the
8   Constitution of the United States of America and Article 1,
9   Section 1, of the constitution of the State of California.

10                      **PRAYER FOR RELIEF:**

11      WHEREFORE, Plaintiff prays for judgment against Defendants
12  on all alleged claims, as follows:

13      1.   Declaratory and Injunctive relief requiring
14  Defendants' to establish policies and practices that respect and
15  guarantee the right of Plaintiff as a citizen of the United
16  States of America, including but not limited to the following:

17      a.   Declaratory relief requiring that Plaintiff's rights
18  and protections provided by the FIRST, FOURTH, and FOURTEENTH
19  Amendments of the Constitution of the United States of America,
20  and Article 1, Section 1, Article 1, Section 7, of the
21  Constitution of the State of California, and 42 CFR Parts 160
22  and 164, Title 42 U.S.C.A.§1320d-2 where violated;

23      2.   Injunctive relief requiring established of procedures
24  in compliance with State law bring both actors and agents into
25  accord with federal regulatory;

26      a.   Injunctive relief requiring Defendants to recover any
27  and all information, and prohibit previous and current trial
28  proceedings from the use of said information, and or testimonies

-26-

1  related and or relied upon such information acquired in
2  contravention of the applicable rules, regulations and law,
3  causing said information to be destroyed;

4      b.    Injunctive relief requiring Defendants' to submit to
5  the appropriate authorities, an annual report on compliance with
6  the established laws of the United States of America;

7      c.    Injunctive relief appointing a monitor to guide
8  Defendants' into the proper recognition of established law;

9      d.    Injunctive relief requiring Defendants' to protect the
10 rights of Plaintiff to be secure in those protections afforded
11 under the law.

12     3.    Monetary relief to Plaintiff for damage(s) and or
13 injurie(s) done, in the amount of $500,000,(Five Hundred
14 Thousand Dollars)from each individual Defendant.

15     4.    Attorney's fee under **42 U.S.C.A.§1988**, In An Amount
16 Which This Court deems just, equitable and proper;

17     5.    That this Court certify any plan by Defendants' to
18 come into compliance with the applicable policies and standards
19 governing privacy and procedural due process; and

20     5.    Such other and further relief as the Court deems just,
21 equitable and proper.

22 Dated: December 11,2007

23

24                            Respectfully submitted

25

26                          JOSEPH JOHNSON, JR.,

27                          PLAINTIFF/IN PRO SE

28                          IN FORMA PAUPERIS.

EXHIBIT "A"



County of Santa Clara
Law Offices of the Public Defender
**Public Defender**
120 West Mission Street
San Jose, CA 95110
(408) 299-7700 / Fax (408) 998-8265

MARY J. GREENWOOD
Public Defender

## PRIVILDGED AND CONFIDENTIAL
## ATTORNEY-CLIENT COMMUNICATION

August 21, 2006

Joseph Johnson AT 050302-9
Atascadero State Hospital
P.O. Box 7001, Unit 30
Atascadero, CA 93423-7001

Re:    Update

Dear Mr. Johnson:

Please find enclosed the letter that I faxed and mailed to ASH, DMH and the DA about objecting to Dr. Arnold's review of your confidential materials.

The writ should be filed next week. I will send you a copy when it is filed.

Feel free to call me anytime should you have any questions. (408) 299-7752.

Sincerely,

Ralph W. Benitez
Deputy Public Defender

Assistant Public Defenders: Nancy Brewer, Joe Guzman, and Nona Klippen

County of Santa Clara
Law Offices of the Public Defender
**Public Defender**
120 West Mission Street
San Jose, CA 95110
(408) 299-7700 / Fax (408) 998-8265



MARY J. GREENWOOD
Public Defender

August 21, 2006

Sylvia Blount, Chief
Sex Offender Commitment Program Evaluation
Department Of Mental Health – Sacramento
1600 9th Street, Room 250
Sacramento, CA 95814

By United States Mail

Re:    Mr. Joseph Johnson  – Santa Clara County SVP Petition # 210431

Dear Ms. Blount.

I have been informed that the Santa Clara County District Attorney will retain Dr. Dale
Arnold as an independent non-DMH state evaluator. Dr. Arnold will be Privately
retained by the District Attorney as an outside expert to assist the DA with the decisions
of state evaluators.

Mr. Johnson does not consent to disclosure of any of his confidential records to Dr.
Arnold, any of his representatives, or to the Santa Clara County District Attorney. As the
attorney for Mr. Johnson, I hereby instruct the Department of Mental Health and
Atascadero State Hospital not to release, nor allow inspection, of any confidential records
to Dr. Arnold, any of his representatives, or the Santa Clara County District Attorney.

Sincerely,

Ralph W. Benitez
Deputy Public Defender
(408)299-7752

CC:    James Cahan, Deputy District Attorney, Santa Clara County District Attorney
       Roberta Gehring, Director, Health Information Management, Atascadero State Hospital
       Anita Daw, Director Health Information Management, Atascadero State Hospital

U ú ú U ⋖ ñ

Assistant Public Defenders: Nancy Brewer, Joe Guzman, and Nona Klippen

EXHIBIT "B"



CALIFORNIA DEPARTMENT OF
Mental Health

Atascadero State Hospital
P.O. Box 7001, Atascadero, CA 93423-7001
(805) 468-2000 Fax: (805) 468-2582

May 8, 2006

John Rodriguez
Deputy Director
Department of Mental Health
Division of Long Term Care Services
1600 9th Street
Sacramento, California 95814

PATIENT NAME:                                        JOHNSON, Joseph Jr.
STATE HOSPITAL NUMBER:                      050302-9
SUPERIOR COURT CASE NUMBER:           210431
DATE TERM OF COMMITMENT EXPIRES:     May 24, 2004

Dear Mr. Rodriguez:

Mr. Johnson has been evaluated by two independent evaluators using Department of Mental Health standardized protocols for the evaluation of persons who are being considered for commitment under WIC 6600 et seq.

Update evaluations dated February 26, 2006, and April 30, 2006 were received with negative findings. Two evaluators have found the individual to not be one of the members of the class described in the statute. On review of the medical record and the evaluation reports, I find no substantial medical issues with which I disagree.

I am forwarding these reports for departmental review. When review is completed, the reports and endorsements should be forwarded to the District Attorney of Santa Clara County.

Sincerely,

DAVID K. FENNELL, M.D.
Medical Director

DKF: lc

Enclosures

c:      Sylvia Blount, SOCP
        Mel Hunter, Executive Director
        Stephanie Chavez, SVP Coordinator

EXHIBIT "C"

·05/16/2006  15:27    9166   `257                     DMH SOCP        \                          PAGE  01/04



# CALIFORNIA DEPARTMENT OF
# Mental Health

1600 9th Street, Sacramento, CA 95814
(916) 654-2309

May 16, 2006

Mr. George Kennedy
District Attorney
Santa Clara County
70 West Hedding Street
San Jose, CA 95110

Dear Mr. Kennedy:

PATIENT NAME:                                          Joseph Johnson Jr.
DATE OF BIRTH:                                         10/02/1947 (Age 58)
STATE HOSPITAL NUMBER:                                 050302-9
DATE SVP COMMITMENT EXPIRES:                           05/24/04

This is to notify you that the Department of Mental Health (DMH) has evaluated
the above named patient, an individual committed on May 24, 2000 by the Santa
Clara County Superior Court as a Sexually Violent Predator (SVP) under Welfare
and Institutions Code (WIC), Section 6600. Mr. Johnson has been recommitted
one time. His second and third recommitment proceedings are currently pending.
In the case of Mr. Johnson, two updated evaluations were performed in
anticipation of upcoming court proceedings. Both evaluations found that Mr.
Johnson does not meet SVP criteria.

In accordance with a process outlined in the Ghilotti California Supreme Court decision
your office may wish to consider submission of the attached evaluations to the court with a
request that they be scrutinized for material legal error. Taking this action may act to
ultimately assure the public that all proper and required standards were followed.

05/16/2006  15:27    916:  ~57                    DMH SUCP        )

Joseph Johnson
Page 2
May 16, 2006

Enclosed for your information are copies of the relevant forensic reports. Please contact
David K. Fennell, M.D. Medical Director, Atascadero State Hospital, at (805) 468-2000 or
Sylvia Blount, Chief, Sex Offender Commitment Program Evaluation, at (916) 653-2088, If
further information or assistance is needed.

Sincerely,

STEPHEN W. MAYBERG, Ph.D.
Director

Enclosure

cc: Santa Clara County Sheriff
    Chief of Police, Santa Clara Police Department
    David K. Fennell, M.D. Medical Director, Atascadero State Hospital

EXHIBIT "D"

GEORGE KENNEDY, District Attorney, 052527
JAMES S. CAHAN, Deputy District Attorney, 137859
Office of the District Attorney
70 West Hedding Street
San Jose, California 95110
Telephone: (408) 299 - 7400

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, ) | |
| ) | Case No. 210431 |
| Plaintiff, ) | |
| ) | NOTICE OF MOTION TO DISCOVER |
| ) | THIRD PARTY RECORDS PURSUANT TO |
| ) | CCP1985.6(e) |
| v. ) | |
| ) | |
| ) | |
| JOSEPH JOHNSON ) | Date: November 3, 2006 |
| ) | Time: 9:00 a.m. |
| ) | Department.: 26 |
| Respondent. ) | Time Estimate: 5 minutes |

Confidential
Patient's Copy

I
NOTICE

Respondent and his attorney of record are hereby noticed that the Motion to Discover

Third Party Records set to be heard on November 3, 2006 in Department 26 before the

Honorable Paul Bernal, seek the Atascadero State Hospital Records attributed to

Rrespondent.    These records may be protected by a right of privacy, but it is the opinion of

the Petitioner that People v. Martinez (2001) 88 Cal.App.4th 465 states there is no

applicable privilege or right to privacy. If the Rrespondent objects to the Atascadero State

Hospital furnishing the records to Petitioner who seeks the records, the Respondent shall

file papers with the court prior to the date specified for production on the subpoena.

1

1  If as the subpoenaing party, Petitioner does not agree in writing to cancel or limit the

2  subpoena, Respondent's attorney should be consulted about the Rrespondent's interest in

3  protecting his or her rights of privacy.

II
CONCLUSION

This notice satisfies any requirement under Civil Code of Procedure 1986 for the timely
production of the subpoenaed records.

Respectfully submitted;

Dated: October 13, 2006                    By: _____

James S. Cahan
Deputy District Attorney

Confidential
Patient's Copy

2

1    GEORGE KENNEDY, District Attorney, 052527
     JAMES S. CAHAN, Deputy District Attorney, 137859
2    Office of the District Attorney
3    70 West Hedding Street
     San Jose, California 95110
4    Telephone: (408) 299 - 7400

5    Attorneys for The People

6

7                SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

8    THE PEOPLE OF THE STATE OF          )    Case No. 210431
     CALIFORNIA                          )
9                                        )
     Plaintiff,                          )    DECLARATION BY
10                                       )    JAMES S. CAHAN
     v.                                  )
11                                       )
                                         )
12   JOSEPH JOHNSON                      )
                                         )
13            Respondent.                )
                                         )

14

15       I, James S. Cahan, hereby declare as follows:

16   That I am a Deputy District Attorney for the Santa Clara District Attorney's Office;

17
     That I have been assigned the responsibility for prosecution of the above-entitled case.
18

19   That after receiving the updated evaluations by Drs. Korpi and Coles, I contacted

20   Dr. Dale Arnold Ph.D., a contracted evaluator with the Sexually Violent Predator Panel

21   and a consultant among the similarly contracted psychologists and psychiatrist.

22
     That after sending him all of the associated documents with the above-entitled case and
23
     his review of those documents, I spoke with Dr. Arnold and I believe he will testify that
24
     the respondent meets all the criteria as a Sexually Violent Predator.
25

26

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: Johnson v. Santa Clara County Superior Court                    No.: **H030570**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 12, 2006, I served the attached

**Letter Brief**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102-7004, addressed as follows:

Ralph William Benitez
Santa Clara County Pub Def
120 W Mission St
San Jose, CA 95110

Sixth District Appellate Program
Attn: Executive Director
100 N. Winchester Blvd., Suite 310
Santa Clara, CA 95050

Honorable George Kennedy
District Attorney
County of Santa Clara
70 West Hedding Street, 5th Floor
San Jose, CA 95110

Santa Clara County Superior Court
Attn: Kiri Torre, Executive Officer
Hall of Justice
191 North 1st Street
San Jose, CA 95113

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 12, 2006, at San Francisco, California.

M. Melton
Declarant

_h. Melton_
Signature

EXHIBIT "E"

1    LAW OFFICES OF THE PUBLIC DEFENDER
     MARY J. GREENWOOD, #99728
2    CASEY CLIFT #160150
     County of Santa Clara
3    120 W. Mission St
     San Jose, California 95110
4    Telephone: (408) 299-7746

5    Attorneys for Respondent

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11   PEOPLE OF THE STATE OF CALIFORNIA,          No. 210813

12                            Petitioner,        RESPONSE TO DEMAND FOR
                                                 EXCHANGE OF TRIAL WITNESS
13                   -vs-                         INFORMATION UNDER CCP
                                                 SECTION 2034 AND
14                                               PRODUCTION OF EXPERT
15   JOSEPH JOHNSON, JR.                         REPORTS AND WRITINGS UNDER
                                                 CCP 2034(a)(3)
16                            Respondent.

17

18

19

20

21

22   Respondent has the following response to the questions presented in Petitioner's Demand

23   for Exchange of Expert Trial Witness Information Under Civil Code of Procedure Section 2034 and

24   Production of Expert Reports and Writings Under Civil Code of Procedure Section 2034(a)(3):

25   1.    Respondent intends to call the following expert witnesses at trial:

26         1.    Dr. James Park, Ph.D.

27
     _____
28   RESPONSE TO DEMAND FOR EXCHANGE OF TRIAL WITNESS INFORMATION UNDER
     CCP SECTION 2034 AND PRODUCTION OF EXPERT REPORTS AND WRITINGS UNDER
                                    CCP 2034(a)(3)

                                                        00008

1      1430 East Ave., #4A
     Chico, CA 95926
2      (530) 894-7275

3    2.    Dr. Raymond Anderson
          13746 Victory Blvd., #211
4          Van Nuys, CA 91401
         (818) 785-4700

5    3.    Expert Declaration

6      a)    Please see attached CVs for a statement of Dr. Park's and Dr. Anderson's qualifications;

7      b)    Dr. Park and Dr. Anderson will discuss the fact that because Mr. Johnson does not suffer from

8           a mental disorder which affects his emotional or volitional capacity, Mr. Johnson does not meet

9           the SVP criteria. Further, they will testify that they do not find that Mr. Johnson is likely to

10          reoffend in a sexually, violent predatory way because of the mental disorder.

11      c)    Dr. Park and Dr. Anderson have agreed to testify in this case.

12      d)    Dr. Anderson and Dr. Park will be sufficiently familiar with the pending action to submit to a

13           meaningful oral deposition concerning the specific testimony, including any opinion and its basis,

14          that the expert is expected to give at trial; and

15      e)    Dr. Park's hourly fee for a deposition is $350.00. Dr. Anderson's hourly rate is $150.00

16      f)    At this time, both doctors have not prepared reports in this case. I anticipate both doctors

17          submitting reports soon. I will route them to you as soon as I receive them.

18 Dated: December 7, 2006

19

20                                Respectfully submitted,

21                                MARY J. GREENWOOD
                               Public Defender

22

23                                Casey Clift
                               Deputy Public Defender

24

25

26

27                                2

28 RESPONSE TO DEMAND FOR EXCHANGE OF TRIAL WITNESS INFORMATION UNDER
CCP SECTION 2034 AND PRODUCTION OF EXPERT REPORTS AND WRITINGS UNDER
CCP 2034(a)(3)

1              **PROOF OF SERVICE**

2    STATE OF CALIFORNIA            )              No. 210431
                                    )
3    COUNTY OF SANTA CLARA          )

4

5         I am a citizen of the United States and am employed in the County aforesaid; I am over the age of eighteen

6    years and not a party to this action; My business address is: 120 West Mission Street, San Jose, California,

7    95110.

8         On

9    December 7, 2006, I served by facsimile the within RESPONSE TO DEMAND FOR EXCHANGE OF

10   TRIAL WITNESS INFORMATION UNDER CCP SECTION 2034 AND PRODUCTION OF EXPERT

11   REPORTS AND WRITINGS UNDER CCP 2034(a)(3) on the Petitioner in this action, by faxing a true and

12   correct copy thereof to:

13

14                    THE OFFICE OF THE DISTRICT ATTORNEY

15                         **Attn: Bob Johnson**
                        SANTA CLARA COUNTY
16                       70 West Hedding Street
                          San Jose, CA 95110
17                       FAX (408) 299-8440

18        I declare under the penalty of perjury that the foregoing is true and correct.

19        Executed on December 7, 2006 at San Jose, California.

20

21

22                         Casey Clift

23

24

25

26

27                              3

28   RESPONSE TO DEMAND FOR EXCHANGE OF TRIAL WITNESS INFORMATION UNDER
     CCP SECTION 2034 AND PRODUCTION OF EXPERT REPORTS AND WRITINGS UNDER
                              CCP 2034(a)(3)

                                    000031

# County of Santa Clara

**Law Offices**
Office of the Public Defender

120 West Mission Street
San Jose, California 95110
(408) 299-7700 FAX 998-8265



Mary Greenwood
Public Defender

November 30, 2006

. Mr. Robert Johnson
Office of the District Attorney
70 W. Hedding Street
San Jose, CA 95110

    RE:         Joseph Johnson
    DOCKET#:   210431
    TRIAL DATE:  January 22, 2007

Dear Mr. Luft :

. Pursuant to the procedures specified in Civil Code discovery rules, respondent hereby discloses the
following additional persons. as possible witness to be called at trial:

    1.   Dr. Lisa Jeko, Ph.D.

    2.   Dr. Doug Korpi, Ph.D.

    3.   Dr. Jeremy Coles, Ph.D.

    4.   Dr. Raymond Anderson, Ph.D.  (See attached reports, CV and notes)

    5.   Dr. James Park, Ph.D.  (See attached reports, CV and notes)

If you have any questions, please call.

Sincerely,

Casey Clift
Deputy Public Defender
Ext. 7920

EXHIBIT "F"

1 | GEORGE W. KENNEDY
District Attorney (SBN 052527)
2 | JAMES S. CAHAN
Deputy District Attorney (SBN 137859)
3 | COUNTY GOVERNMENT CENTER, WEST WING
70 West Hedding Street
4 | San Jose, CA   95110
Telephone:   (408) 299-7400
5
Attorneys for the People
6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                IN AND FOR THE COUNTY OF SANTA CLARA

9

10 | THE PEOPLE OF THE STATE OF          No. 210431
. CALIFORNIA,
11                                      EXPERT WITNESS DECLARATION
                         Petitioner,
12
vs.
13
JOSEPH JOHNSON,
14
                    Respondent.
15 _____/

16 | TO RESPONDENT JOSEPH JOHNSON AND TO HIS ATTORNEY OF RECORD IN
17 | THIS ACTION:

18 | I, James S. Cahan, declare:

19      I am a Deputy District Attorney for the County of Santa

20 | Clara County, and I represent the Petitioner in this action.

21   I am informed and believe that the following facts are true

22 | concerning Petitioner's expert witnesses:

23   A. Dr. Dale R. Arnold Ph.D., P.O. Box 182, Pismo Beach,

24      California 93448.

25 | /////

26

B. Dr. Diane Imrem Ph.D., Atascadero State Hospital, P.O. Box 7001, Atascadero, CA 93423-7001

C. Dr. Julian Kim, Atascadero State Hospital, P.O. Box 7001, Atascadero, CA 93423-7001

- Qualifications: see the attached resumes for Dr. Arnold, Dr. Imrem and Dr. Kim.

- General substance of testimony: Dr. Arnold will testify how and why the respondent meets the criteria as a Sexually Violent Predator as defined in Welfare and Institutions code sections 6600 et seq. His testimony will be consistent with his written evaluation of December, 2006.

  Dr. Imrem will testify about the Sex Offender Treatment Program available to respondent and the role it plays in sufficiently reducing the risk of re-offense in a person diagnosed with Paraphilia NOS. Dr. Imrem will also testify to the nature of Paraphilia NOS.

  Dr. Kim is respondent's treating physician and will testify to respondent's physical condition and its implications in terms of his physical ability.

- Dr. Arnold has agreed to testify at trial, and is sufficiently familiar with this action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that he is expected to give at trial;

Dr Imrem has agreed to testify and within the limited context of her anticipated testimony is sufficiently familiar with this action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that she is expected to give at trial;

Dr. Kim has agreed to testify and within the limited context of his anticipated testimony is sufficiently familiar with this action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that he is expected to give at trial;

- Dr. Arnold's hourly fee and daily fee for providing deposition testimony and for consulting with the retaining attorney is $150.00 an hour.

Dr. Imrem's hourly fee and daily fee for providing deposition testimony and for consulting with the retaining attorney has been requested, but not yet provided.

Dr. Kim's hourly fee and daily fee for providing deposition testimony and for consulting with the retaining attorney has been requested, but not yet provided.

Only Dr. Arnold prepared a report in this case. The report and associated writings are hereby provided, pursuant to CCP 2034.270.

1       I declare under penalty of perjury under the laws of the

2  State of California that the foregoing is true and correct of my

3  own personal knowledge except as to matters stated upon

4  information and belief, and as to those I believe them to be

5  true, regarding the assertions made in regard to the discovery

6  exchange in case number 210431 .

7

8  DATED: *Dec 6, 2006*

               JAMES S. CAHAN

9

10                Deputy District Attorney
               Attorney for Petitioner

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ge W. Kennedy
strict Attorney
ty of Santa Clara
se. California 95110

4

U0004U

## PROOF OF SERVICE BY MAIL

I, Joseph Johnson, Jr.,                    , declare:

I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and ▮▮ a party to the above-entitled cause. My (residence or business) address is

#000580-1; P.O. Box 5003, Coalinga CA 93210

_____,

and I am a resident of, or employed in, Fresno                    County, California.

On the date of December 11, 2007                    I served the

Civil Rights Action Pursuant to 42 U.S.C. §1983

AND EXHIBITS

_____

(exact title of document(s) served)

by depositing a copy of the document(s) in the United States mail at

(location)Coalinga State Hospital, (city) Coalinga                    .

Fresno                    County, California in a sealed envelope, with postage fully prepaid, addressed as follows: (In the space below insert the name and mailing address of each person you are serving with these documents. If the person is a party to the action or an attorney for a party, indicate that with the address).
United States Courts
Office of the Clerk, United States District Court
~~Eastern District of California~~
Fresno, California .93721-1318

· At the time of mailing there was regular delivery of United States mail between the place of deposit and the place of address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 11, 2007

                    _____
                    (Signature of person mailing)

                    Joseph Johnson, Jr.,
                    _____
                    (Name of person mailing, typed or printed)