UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, JR., | No. C 08-010 SI (pr) |
| Plaintiff, | **ORDER DENYING PAUPER APPLICATION** |
| v. | |
| JAMES S. CAHAN; et al., | |
| Defendants. | |

Joseph Johnson filed a civil rights complaint and an in forma pauperis application. When his initial filing arrived at the courthouse, a notice of deficiency was sent out to him, directing him to file a prisoner's pauper application, including an inmate trust account statement and certificate of funds. Johnson then filed a "civil patient's (non prisoner) motion/request/ application to proceed in forma pauperis." In that motion, Johnson urged that, as a civilly committed sexually violent predator, he is not a prisoner within the meaning of the Prison Litigation Reform Act of 1995 ("PLRA") and therefore does not need to file a prisoner's pauper application or submit a copy of his trust account statement.

Johnson is correct that he is not a prisoner subject to the PLRA. However, as the court has explained to Johnson numerous times, the court must have enough information about a pauper applicant's financial wherewithal to make an informed determination whether that person should be permitted to proceed as a pauper – regardless of whether he is a prisoner or a non-prisoner. Johnson's original in forma pauperis application stated that he receives "some funds" of an unstated amount from friends and/or family. Application, p. 4. And the statements in his motion indicate that he has a trust account, but refuses to provide a copy of the statement for it. Motion, p. 4.

Johnson's application and motion do not provide enough information for the court to make an informed decision on his pauper application. Although a trust account statement is not mentioned on the non-prisoner in forma pauperis application form, it is an appropriate requirement for someone who is in custody and is having some or all of his basic needs met. For example, if someone in custody has $500 in a trust account and someone out of custody has $500 in a checking account, their overall financial situations likely are not comparable because the person in custody has no housing expenses while the person not in custody may have rent and utility expenses. The in forma pauperis application is DENIED because it provides insufficient information for the court to make its decision as to whether to grant pauper status and/or to require a partial filing fee.   (Docket # 2, # 4.)

As mentioned earlier, the court has repeatedly explained to Johnson that it needs an accurate picture of his finances – which includes information about funds in a trust account for an incarcerated person having all his basic needs met – if he wants to proceed as a pauper. The court issued orders addressing this very topic in In Re. Johnson, C 03-3292 SI, Johnson v. Hunter, C 04-775 SI, Johnson v. Santa Clara County, C 05-1628 SI, Johnson v. Hunter, C 05-2064 SI, and Johnson v.Mayberg, C 08-1177 SI. (Although the most recent order in C 08-1177 SI post-dates the filings in the present case, that order was issued months ago, and Johnson has chosen not to update the pending applications in this case with the information.)  In light of the fact that the court has repeatedly determined that this plaintiff's applications must include the trust account statement so that the court can make an informed decision about whether he should be permitted to proceed as a pauper, and Johnson's choice not to provide the trust account statement in this action, the court determines that Johnson's refusal to provide the statement is made in bad faith.  Johnson's refusal to state how much money he receives or possesses, other than to say it is "some funds" also shows a deliberate refusal to provide a complete and accurate picture of Johnson's financial situation. Although the court frequently allows pauper applicants to supplemental their applications when they have neglected to provide enough information in their application, the court will not do so here because the omission of the necessary information is intentional and not the result of neglect.

2

For the foregoing reasons, Johnson may not proceed as a pauper in this action. He must pay the full filing fee no later than **October 20, 2008**. Failure to pay the filing fee by that deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: September 29, 2008

_____
SUSAN ILLSTON
United States District Judge